1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  300 South First Street Ste. 342
   San Jose, California 95113
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: service@moorelawfirm.com
            tanya@moorelawfirm.com
5
   Attorney for Plaintiff
6  Darren Gilbert

7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10                     **(Fresno Division)**

11

12  DARREN GILBERT,                      ) No.
                                          )
13           Plaintiff,                   ) **COMPLAINT ASSERTING DENIAL OF**
                                          ) **RIGHT OF ACCESS UNDER THE**
14      vs.                               ) **AMERICANS WITH DISABILITIES ACT**
                                          ) **FOR INJUNCTIVE RELIEF, DAMAGES,**
15  KARNAIL SINGH KHINDA, Trustee of THE ) **ATTORNEYS' FEES AND COSTS (ADA)**
    KARNAIL AND NARINDER KHINDA-          )
16  KAUR FAMILY TRUST; NARINDER           )
    KAUR dba SUPER LIQUOR and as Trustee  )
17  of THE KARNAIL AND NARINDER           )
    KHINDA-KAUR FAMILY TRUST;             )
18                                        )
                                          )
19           Defendants.                  )
                                          )
20  _____      )

21                       **I. SUMMARY**

22      1.     This is a civil rights action by plaintiff DARREN GILBERT ("Plaintiff") for

23  discrimination at the building, structure, facility, complex, property, land, development, and/or

24  surrounding business complex known as:

25              Super Liquor
                1600 Tully Road
26              Modesto, CA 95350
                (hereafter "the Facility")
27

28      2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

*Gilbert v. Khinda, et al.*
Complaint

1 costs, against KARNAIL SINGH KHINDA, Trustee of THE KARNAIL AND NARINDER

2 KHINDA-KAUR FAMILY TRUST; and NARINDER KAUR dba SUPER LIQUOR and as

3 Trustee of THE KARNAIL AND NARINDER KHINDA-KAUR FAMILY TRUST

4 (hereinafter collectively referred to as "Defendants"), pursuant to Title III of the Americans

5 with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California

6 statutes.

## II.  JURISDICTION

8     3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

9 claims.

10     4.     Supplemental jurisdiction for claims brought under parallel California law –

11 arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

12     5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.  VENUE

14     6.     All actions complained of herein take place within the jurisdiction of the United

15 States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.

16 § 1391(b), (c).

## IV.  PARTIES

18     7.     Defendants own, operate, and/or lease the Facility, and consist of a person (or

19 persons), firm, and/or corporation.

20     8.     Plaintiff is substantially limited in his ability to walk, and must use a

21 wheelchair, knee scooter, or prosthetic for mobility. Consequently, Plaintiff is "physically

22 disabled," as defined by all applicable California and United States laws, and a member of the

23 public whose rights are protected by these laws.

## V.  FACTS

25     9.     The Facility is open to the public, intended for non-residential use, and its

26 operation affects commerce. The Facility is therefore a public accommodation as defined by

27 applicable state and federal laws.

28 //

*Gilbert v. Khinda, et al.*
Complaint

1    10.    Plaintiff lives less than five miles from the Facility and visited the Facility on or

2  about November 12, 2021 to purchase snacks. During his visit to the Facility, Plaintiff

3  encountered barriers (both physical and intangible) that interfered with, if not outright denied,

4  Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered

5  at the Facility. These barriers include, but are not limited to, the following: Plaintiff's brother

6  was unable to locate any designated accessible parking in the Facility's parking lot, and he was

7  forced to park in a standard parking stall near the Facility entrance which lacked an access

8  aisle. Plaintiff had difficulty exiting his vehicle using his prosthetic due to the lack of clear

9  space next to his door.

10    11.    There may exist other barriers at the Facility that relate to Plaintiff's disabilities,

11  and he will seek to amend this Complaint once such additional barriers are identified as it is

12  Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities

13  removed to afford him full and equal access.

14    12.    Plaintiff was, and continues to be, deterred from visiting the Facility because

15  Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

16  accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

17  Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

18  once the barriers are removed.

19    13.    Defendants knew, or should have known, that these elements and areas of the

20  Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

21  the physically disabled. Moreover, Defendants have the financial resources to remove these

22  barriers from the Facility (without much difficulty or expense), and make the Facility

23  accessible to the physically disabled. To date, however, Defendants refuse to either remove

24  those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

25    14.    At all relevant times, Defendants have possessed and enjoyed sufficient control

26  and authority to modify the Facility to remove impediments to wheelchair access and to

27  comply with the 1991 ADA Accessibility Guidelines and/or the 2010 ADA Standards for

28  Accessible Design. Defendants have not removed such impediments and have not modified the

*Gilbert v. Khinda, et al.*
Complaint

1  Facility to conform to accessibility standards. Defendants have intentionally maintained the

2  Facility in its current condition and have intentionally refrained from altering the Facility so

3  that it complies with the accessibility standards.

4      15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is

5  so obvious as to establish Defendants' discriminatory intent. On information and belief,

6  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

7  to relevant building standards; disregard for the building plans and permits issued for the

8  Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the

9  Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

10  property continues to exist in its non-compliant state. Plaintiff further alleges, on information

11  and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

12  Facility are not isolated or temporary interruptions in access due to maintenance or repairs.

13                          **VI.    FIRST CLAIM**

14                    **Americans with Disabilities Act of 1990**

15                  <u>Denial of "Full and Equal" Enjoyment and Use</u>

16      16.    Plaintiff re-pleads and incorporates by reference the allegations contained in

17  each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

18      17.    Title III of the ADA holds as a "general rule" that no individual shall be

19  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

20  goods, services, facilities, privileges, and accommodations offered by any person who owns,

21  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

22      18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

23  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

24  Facility during each visit and each incident of deterrence.

25              <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

26      19.    The ADA specifically prohibits failing to remove architectural barriers, which

27  are structural in nature, in existing facilities where such removal is readily achievable. 42

28  U.S.C. § 12182(b)(2)(A)(iv).

*Gilbert v. Khinda, et al.*
Complaint

1    20.    When an entity can demonstrate that removal of a barrier is not readily

2 achievable, a failure to make goods, services, facilities, or accommodations available through

3 alternative methods is also specifically prohibited if these methods are readily achievable. Id.

4 § 12182(b)(2)(A)(v).

5    21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

6 barriers at the Facility without much difficulty or expense, that the cost of removing the

7 architectural barriers does not exceed the benefits under the particular circumstances, and that

8 Defendants violated the ADA by failing to remove those barriers, when it was readily

9 achievable to do so.

10    22.    In the alternative, if it was not "readily achievable" for Defendants to remove

11 the Facility's barriers, then Defendants violated the ADA by failing to make the required

12 services available through alternative methods, which are readily achievable.

13                    Failure to Design and Construct an Accessible Facility

14    23.    Plaintiff alleges on information and belief that the Facility was designed and

15 constructed (or both) after January 26, 1993 – independently triggering access requirements

16 under Title III of the ADA.

17    24.    The ADA also prohibits designing and constructing facilities for first occupancy

18 after January 26, 1993, that aren't readily accessible to, and usable by, individuals with

19 disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

20    25.    Here, Defendants violated the ADA by designing and constructing (or both) the

21 Facility in a manner that was not readily accessible to the physically disabled public –

22 including Plaintiff – when it was structurally practical to do so.[1]

23                      Failure to Make an Altered Facility Accessible

24    26.    Plaintiff alleges on information and belief that the Facility was modified after

25 January 26, 1993, independently triggering access requirements under the ADA.

26 //

27

28 [1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a
private attorney general under either state or federal statutes.

*Gilbert v. Khinda, et al.*
Complaint

1    27.    The ADA also requires that facilities altered in a manner that affects (or could

2  affect) its usability must be made readily accessible to individuals with disabilities to the

3  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's

4  primary function also requires making the paths of travel, bathrooms, telephones, and drinking

5  fountains serving that area accessible to the maximum extent feasible. Id.

6    28.    Here, Defendants altered the Facility in a manner that violated the ADA and

7  was not readily accessible to the physically disabled public – including Plaintiff – to the

8  maximum extent feasible.

9    ### Failure to Modify Existing Policies and Procedures

10    29.    The ADA also requires reasonable modifications in policies, practices, or

11  procedures, when necessary to afford such goods, services, facilities, or accommodations to

12  individuals with disabilities, unless the entity can demonstrate that making such modifications

13  would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

14    30.    Here, Defendants violated the ADA by failing to make reasonable modifications

15  in policies, practices, or procedures at the Facility, when these modifications were necessary to

16  afford (and would not fundamentally alter the nature of) these goods, services, facilities, or

17  accommodations.

18    ### Failure to Maintain Accessible Features

19    31.    Defendants additionally violated the ADA by failing to maintain in operable

20  working condition those features of the Facility that are required to be readily accessible to and

21  usable by persons with disabilities.

22    32.    Such failure by Defendants to maintain the Facility in an accessible condition

23  was not an isolated or temporary interruption in service or access due to maintenance or

24  repairs.

25    33.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney

26  fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

27  //

28  //

*Gilbert v. Khinda, et al.*
Complaint

## VII.   SECOND CLAIM

### Unruh Act

34.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

35.     California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

36.     California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

37.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

38.     Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

39.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

40.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of $4,000 for each offense.

41.     Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

42.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

//

//

*Gilbert v. Khinda, et al.*
Complaint

43.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

44.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

45.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

46.    Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

3.    Attorneys' fees, litigation expenses, and costs of suit.[2]

4.    Interest at the legal rate from the date of the filing of this action.

5.    For such other and further relief as the Court deems proper.

Dated: 02/10/2022                                   MOORE LAW FIRM, P.C.


                                                    */s/ Tanya E. Moore*
                                                    Tanya E. Moore
                                                    Attorney for Plaintiff
                                                    Darren Gilbert

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Gilbert v. Khinda, et al.*
Complaint

1

## **VERIFICATION**

2

3

     I, DARREN GILBERT, am the plaintiff in the above-entitled action. I have read the

4

foregoing Complaint and know the contents thereof. The same is true of my own knowledge,

5

except as to those matters which are therein alleged on information and belief, and as to those

6

matters, I believe them to be true.

7

     I verify under penalty of perjury that the foregoing is true and correct.

8

9

10

Dated:   2/10/2022                            */s/ Darren Gilbert*

11

                                       Darren Gilbert

12

13

     I attest that the original signature of the person whose electronic signature is shown

above is maintained by me, and that his concurrence in the filing of this document and

14

attribution of his signature was obtained.

15

                             */s/ Tanya E. Moore*

16

                                     Tanya E. Moore
                                       Attorney for Plaintiff,

17

                                       DARREN GILBERT

18

19

20

21

22

23

24

25

26

27

28

*Gilbert v. Khinda, et al.*
Complaint