1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21

DARREN GILBERT,

　　　　　Plaintiff,

　　v.

KARNAIL SINGH KHINDA, Trustee of
THE KARNAIL AND NARINDER
KHINDA-KAUR FAMILY TRUST;
NARINDER KAUR dba SUPER LIQUOR
and as Trustee of THE KARNAIL AND
NARINDER KHINDA-KAUR FAMILY
TRUST,

　　　　　Defendants.

_____/

Case No.  1:22-cv-00184-AWI-SKO

**ORDER VACATING HEARING**

**FINDINGS AND RECOMMENDATION
THAT PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT BE DENIED**

(Doc. 15)

**ORDER TO SHOW CAUSE RE
SUPPLEMENTAL JURISDICTION**

**14 DAY DEADLINE**

22
23
24
25
26
27
28

　　　On January 12, 2023, Plaintiff Darren Gilbert ("Plaintiff") filed a motion for default judgment against Defendants Karnail Singh Khinda, Trustee of the Karnail and Narinder Khinda-Kaur Family Trust ("Defendant Khinda"); and Narinder Kaur dba Super Liquor and as Trustee of the Karnail and Narinder Khinda-Kaur Family Trust ("Defendant Kaur") (together, "Defendants"), pursuant to Fed. R. Civ. P. 55(b).  (Doc. 15.)  No opposition to the motion has been filed.  (*See* Docket.)

The Court, having reviewed the record, finds this matter suitable for decision without oral argument.  *See* E.D. Cal. Local Rule 230(g).  Accordingly, the previously scheduled hearing set on March 1, 2023, will be vacated.  For the reasons set forth below, the undersigned recommends that the motion for default judgment be denied without prejudice.[1]  The undersigned also orders Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

## I.   BACKGROUND[2]

On February 11, 2022, Plaintiff filed a complaint against Defendants pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213; the California Unruh Act (the "Unruh Act"), California Civil Code § 51 *et seq.*; and California Health & Safety Code §§ 19955, 19959.  (Doc. 1 (the "Complaint").)  The Complaint seeks an award of statutory damages, prejudgment interest on the damages, costs of suit, attorney's fees, and injunctive relief.  *Id.*  Plaintiff alleges that Defendants own, operate, and/or lease the property that is the subject of this suit, Super Liquor (the "Property"), located at 1600 Tully Road, Modesto, CA 95350.  (Doc. 1, ¶¶ 1, 7.)  Plaintiff further alleges that he requires the use of a wheelchair, knee scooter, or prosthetic for mobility (Doc. 1, ¶ 8), and the Property presents numerous architectural barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property (Doc. 1, ¶ 10).

According to the proofs of service filed by Plaintiff, Defendant Khinda and Defendant Kaur were each served with copies of the summons and complaint by substitute service on March 6, 2022, when the documents were left with "Raj DOE," Defendants' daughter and co-occupant at 2141 Typhoon Ct., Turlock, CA 95380, and subsequently mailed to the same address.  (Doc. 4 at 2–3; Doc. 5 at 2–3.)  A declaration from Plaintiff's counsel Tanya E. Moore indicates that Ms. Moore conducted a public records search using the Lexis Advance database and determined that Defendants

---

[1] The motion for default is referred to the undersigned by E.D. Cal. Local Rule 302(c)(19) for the entry of findings and recommendations.  *See* 28 U.S.C. § 636(b)(1)(B).

[2] Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  Accordingly, the factual background is based on the allegations of the Complaint.

1    resided at that address.  (Doc. 15-2, ¶ 16.)

2         Neither of Defendants responded to the Complaint.  (*See* Docket.)  Plaintiff requested the

3    Clerk of Court to enter default against Defendants on April 18, 2022, which was entered that same

4    day.  (Docs. 6, 7.)

5         On May 24, 2022, Defendant Khinda, pro se, filed a multi-page document.  (Doc. 9.)  The

6    document, which was docketed as an "Answer," includes an invoice from "Womack Striping, Inc."

7    for the Facility; "pictures of store interior and exterior," according to Defendant Khinda; and results

8    from a search the website govinfo.gov, which Defendant Khinda describes as "search document of

9    Darren Gilbert, he did same for 5 to 6 other businesses in Modesto."  (*Id.*)

10        On January 12, 2023, Plaintiff filed a motion for default judgment against Defendants, which

11   is currently pending before Court.  (Doc. 15.)

12                          **II.     DISCUSSION**

13   **A.    Motion for Default Judgment**

14        **1.     Defendant Khinda**

15        Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

16   against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

17   against the action.  *See* Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

18   automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*,

19   238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th

20   Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies within

21   the district court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In

22   making this determination, the court considers the following factors: (1) the possibility of prejudice

23   to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4)

24   the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts;

25   (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy

26   favoring decisions on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

27        Generally, cases should be decided on the merits as opposed to by default, and, therefore,

28   "any doubts as to the propriety of a default are usually resolved against the party seeking a default

                                         3

judgment." JUDGE WILLIAM W. SCHWARZER ET AL., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 6:11 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).

The undersigned finds that several of the *Eitel* factors weighs against granting Plaintiff's motion for default judgment against Defendant Khinda. Plaintiff's complaint alleges discrimination due to a lack of any "designated accessible parking in the Facility's parking lot." (Doc. 1. ¶ 10.) As set forth above, following entry of default Defendant Khinda filed a response to the complaint and attached documentation showing "striping" of the Facility's parking lot for an accessible parking spot. (*See* Doc. 9 at 2–4.) Such a response raises the possibility of a dispute concerning the material facts underpinning Plaintiff's ADA and Unruh Act claims. Moreover, given Defendant Khinda's response, Plaintiff should be able to obtain relief absent default judgment, thereby minimizing the likelihood of undue prejudice. In addition, the response may indicate Defendant Khinda's default was the result of excusable neglect. Finally, while the sum of money at stake is relatively small, the undersigned is mindful of the strong policy in favoring a decision on the merits. *Eitel* 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible.").

### 2. Defendant Kaur

Having found that default judgment against Defendant Khinda is not warranted, Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> [W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*See also Curtiss-Wright Corp. v. General Elec. Co*., 446 U.S. 1, 8 (1980) (noting that the court has discretion to enter a default judgment as to less than all defendants).

Although the Court has discretion under Rule 54 depending on the circumstances before it, the Supreme Court long ago warned that "absurdity might follow" in instances involving motions for default judgment s where a court "can lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined against the others." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). The Ninth Circuit has characterized the rule announced in *Frow* as follows: "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment

should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow*).

As set forth above, Plaintiff has alleged violations of the Unruh Act and the ADA by Defendants. (Doc. 1.) "California district courts have repeatedly held that where there are multiple defendants in an Unruh action, the defendants are jointly and severally liable for penalties." *Johnson v. Siu Keung Chan*, No. 2:17–CV–00138–KJM–AC, 2020 WL 5036456, at *2 (E.D. Cal. Aug. 26, 2020), *report and recommendation adopted*, No. 2:17–CV–0138 KJM AC, 2020 WL 6342960 (E.D. Cal. Oct. 29, 2020) (citing *Love v. Kim*, No. ED CV 18-1338 FMO (PLAx), 2019 WL 8167926, at *1 (C.D. Cal. Oct. 18, 2019) ("courts generally award only a single $4,000 statutory damage penalty where multiple defendants who own or operate a business are held liable for an ADA violation"); *Johnson v. Express Auto Clinic, Inc.*, No. 18-cv-00464-KAW, 2019 WL 2996431, *8 (N.D. Cal. 2019) (entering judgment of "$4,000 in statutory damages" in case where multiple defendants operated a non-compliant gas station); *Johnson v. Ramirez Ltd. P'ship*, No. 2:15–cv–02304 JAM AC, 2019 WL 2315290, *8 (E.D. Cal. 2019) ("award[ing] a total of $4,000 in statutory damages, as authorized by the Unruh Civil Rights Act, Cal. Civ. Code § 52(a), jointly and severally against the defendants" where defendants owned non-compliant cafe); *Hopson v. Singh*, No. 2:16–cv–3014–TLN–EFB, 2019 WL 4298040, *5 (E.D. Cal. 2019) (same, where multiple defendants owned non-compliant gas station)). Likewise, co-owner defendants are jointly and severally liable for violations of the ADA. *See Moore v. Cisneros*, No. 1:12–CV–00188–LJO–SKO, 2012 WL 6523017 (E.D. Cal. Dec. 13, 2012) (citing *Botosan v. McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000)).

Because Defendants in this case would be jointly and severally liable, the undersigned finds that entering default judgment against only Defendant Kaur would also be inappropriate at this time.

**B.   Order to Show Cause**

Based upon the recent Ninth Circuit opinion in *Vo v. Choi*, the Court will order Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. *See* 28 U.S.C. § 1367(c); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (holding the

district court properly declined to exercise supplemental jurisdiction in a joint Unruh Act and ADA case).

In the Unruh Act, a state law cause of action expands the remedies available in a private action. California, in response to the resulting substantial volume of claims asserted under the Unruh Act and the concern that high-frequency litigants may be using the statute to obtain monetary relief for themselves without accompanying adjustments to locations to assure accessibility to others, enacted filing restrictions designed to address that concern. *Arroyo v. Rosas*, 19 F.4th 1202, 1211–12 (9th Cir. 2021). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1).

Moreover, California imposes additional limitations on "high-frequency litigants," defined as:

> A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

Cal. Civ. Proc. Code § 425.55(b)(1). The definition of "high-frequency litigant" also extends to attorneys. *See* Cal. Civ. Proc. Code § 425.55(b)(2). "High-frequency litigants" are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Gov. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A). By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act. *See Arroyo*, 19 F.4th at 1206-07, 1212. The Ninth Circuit has also expressed "concerns about comity and fairness" by permitting plaintiffs to circumvent "California's procedural requirements." *Vo*, 49 F.4th at 1171. Plaintiffs who file these actions in federal court evade these limits and pursue state law damages in a manner inconsistent with the state law's requirements. *See generally, Arroyo*, 19 F.4th at 1211–12; *Vo v*, 49 F.4th at 1171-72.

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   28 U.S.C. § 1367(a).   Even if supplemental jurisdiction exists, however, district courts have discretion to decline to exercise supplemental jurisdiction.  28 U.S.C. § 1367(c).  Such discretion may be exercised "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims."  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

Here, a review of Plaintiff Darren Gilbert's prior cases from within this District appears to show that he has filed ten or more complaints alleging a construction-related accessibility violation within the twelve-month period immediately preceding the filing of the current complaint. Supporting this conclusion is a declaration Plaintiff filed in another case on January 13, 2023, acknowledging that he would be considered a high-frequency litigant under California law.  *See Gilbert v. Bonfare Markets, Inc.*, 1:22-cv-00605-AWI-BAM (Doc. 28-1, p. 2, Gilbert Declaration: "I have filed more than 10 complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the complaint in this action.").  *See also id.* (Doc. 28, p. 2, Gilbert response to order to show cause: "Plaintiff acknowledges that he would be considered a high-frequency litigant under California law as he filed more than ten construction-related accessibility claims in the twelve months preceding the filing of the instant action."); *Jacobsen v. Mims*, No. 1:13-CV-00256-SKO-HC, 2013 WL 1284242, at *2 (E.D. Cal. Mar. 28, 2013) ("The Court may take judicial notice of court records.").

### III.   ORDER AND RECOMMENDATION

In accordance with the foregoing, IT IS HEREBY ORDERED that the hearing set for March 1, 2023, is VACATED.

IT IS FURTHER ORDERED that Plaintiff shall show cause, in writing, **within fourteen (14) days of service of this order**, why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  Plaintiff is warned that a failure to respond may result

in a recommendation to dismiss of the entire action without prejudice.  Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to . . . comply with . . . a court order"); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.,* 403 F.3d 683, 689 (9th Cir. 2005).  Further, an inadequate response may result in the undersigned recommending that supplemental jurisdiction over Plaintiff's Unruh Act claim be declined and that the Unruh claim be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

IT IS RECOMMENDED that Plaintiff's motion for entry of default judgment against Defendants (Doc. 15) be DENIED without prejudice to renewal at the appropriate time.

These findings and recommendation are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  **Within fourteen (14) days of service of this recommendation**, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **February 28, 2023**                          /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE