UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KARNAIL SINGH KHINDA, Trustee of THE KARNAIL AND NARINDER KHINDA-KAUR FAMILY TRUST; NARINDER KAUR dba SUPER LIQUOR and as Trustee of THE KARNAIL AND NARINDER KHINDA-KAUR FAMILY TRUST,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:22-cv-00184-AWI-SKO<br><br>**ORDER (1) ADOPTING FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BE DENIED AND (2) DECLINING SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**<br><br>(Doc. Nos. 1, 15, 18, 20) |

I.  INTRODUCTION

On February 11, 2022, Plaintiff Darren Gilbert ("Plaintiff") filed this case against Defendants Karnail Singh Khinda, Trustee of the Karnail and Narinder Khinda-Kaur Family Trust ("Defendant Khinda"); and Narinder Kaur dba Super Liquor and as Trustee of the Karnail and Narinder Khinda-Kaur Family Trust ("Defendant Kaur") (together, "Defendants"), alleging claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213; the California Unruh Act (the "Unruh Act"), California Civil Code § 51 *et seq.*; and California Health & Safety Code §§ 19955, 19959. (Doc. No. 1 (the "Complaint").) The Complaint seeks an award of statutory damages, prejudgment interest on the damages, costs of suit, attorney's fees, and injunctive relief.

*Id.* Plaintiff alleges that Defendants own, operate, and/or lease the property that is the subject of this suit, Super Liquor (the "Property"), located at 1600 Tully Road, Modesto, CA 95350. (*Id.* ¶¶ 1, 7.) Plaintiff further alleges that he requires the use of a wheelchair, knee scooter, or prosthetic for mobility (*id.* ¶ 8), and the Property presents numerous architectural barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property (*id.* ¶ 10).

On April 18, 2022, Plaintiff requested the Clerk of Court to enter default against Defendants based on their failure to appear, which was entered that same day. (Doc. Nos. 6, 7.) On May 24, 2022, Defendant Khinda, *pro se*, filed a multi-page document. (Doc. No. 9.) The document, which was docketed as an "Answer," includes an invoice from "Womack Striping, Inc." for the Facility; "pictures of store interior and exterior," according to Defendant Khinda; and results from a search the website govinfo.gov, which Defendant Khinda describes as "search document of Darren Gilbert, he did same for 5 to 6 other businesses in Modesto." (*Id.*)

On January 12, 2023, Plaintiff filed a motion for default judgment against Defendants. (Doc. No. 15.) On February 28, 2023, the assigned magistrate judge recommended the motion be denied without prejudice because (1) given Defendant Khinda's response, the *Eitel* factors[1] weighed against granting the motion against him and (2) entering default judgment against Defendant Kaur alone would be inappropriate under *Frow v. De La Vega*[2]. (Doc. No. 18.)

The assigned magistrate judge also ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over his Unruh Act claim in light of the Ninth Circuit's decision in *Vo v. Choi*. (*See id.*); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (affirming a district court's decision to decline supplemental jurisdiction over an Unruh Act claim); *see* 28 U.S.C. § 1367(c). Plaintiff timely filed a response on March 10, 2023. (Doc. No. 20.)

The parties were granted fourteen days from the date of service to file any objections to the recommendation of the magistrate judge. (Doc. No. 18 at 8.) In addition, the parties were "advised that failure to file objections within the specified time may waive the right to appeal the district

---

[1] *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).
[2] *See* 82 U.S. 552, 554 (1872).

judge's order." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014)). More than fourteen days have passed and no objections to the recommendation have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendation to be supported by the record and proper analysis.

The Court further finds that supplemental jurisdiction over Plaintiff's Unruh Act claim, as well as his California Health & Safety Code claims, should be declined and those claims be dismissed without prejudice, for the reasons discussed below.

## II. LEGAL STANDARDS GOVERNING EXERCISE OF SUPPLEMENTAL JURISDICTION

Under 28 U.S.C. § 1367(a), a court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Ninth Circuit has concluded that ADA and Unruh Act claims that derive from a common nucleus of operative fact "form part of the 'same case or controversy' for purposes of § 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021).

However, even where supplemental jurisdiction over a claim exists under § 1367(a), the Court may decline jurisdiction over the claim under § 1367(c) if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c)(1)-(4).

Pertinent here, a court deciding whether to apply § 1367(c)(4) must make "a two-part inquiry." *Arroyo*, 19 F.4th at 1210. "First, the district court must articulate why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)." *Id.* (citations and internal quotation marks omitted). "Second, in determining whether there are compelling reasons for declining

jurisdiction in a given case, the court should consider what best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine articulated in [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)]." *Id.* (citations and internal quotation marks omitted).

After considering § 1367(c)(4) and California's requirements for bringing Unruh Act claims, "[n]umerous federal district courts across California have declined to exercise supplemental jurisdiction over Unruh Act . . . claims brought alongside ADA claims." *Rutherford v. Nuway Ins. Agency Inc.*, No. SACV 21-00576-CJC-JDE, 2021 WL 4572008, at *1 (C.D. Cal. Apr. 1, 2021). Underlying these decisions is "the recent confluence of several California-law rules [that] have combined to create a highly unusual systemic impact on ADA-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity." *Arroyo*, 19 F.4th at 1211.

Notably, Congress adopted the ADA to address the discrimination encountered by persons with disabilities, providing a private cause of action to seek injunctive, but not monetary, relief. *See Arroyo v. Rosas*, 19 F.4th 1202, 1205 (9th Cir. 2021) (discussing background and relief available under the ADA). The Unruh Act likewise prohibits disability discrimination, containing a provision, Cal. Civ. Code § 51(f), stating that a violation of the ADA also violates the Unruh Act. However, unlike the ADA, the Unruh Act allows a plaintiff to recover "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars." Cal. Civ. Code § 52(a).

In response to perceived abuses of the Unruh Act, California has enacted requirements applicable to "high frequency litigators" for bringing such claims, which requirements the Ninth Circuit has assumed, without deciding, "apply only in California state court." *Vo*, 49 F.4th at 1170. For example a provision was added (1) regarding the contents of demand letters, Cal. Civ. Code § 55.31; (2) imposing heightened pleading requirements, Cal. Civ. Code § 425.50(a); and (3) requiring an additional filing fee of $1,000 for so called "high-frequency litigants," Cal. Gov't Code § 70616.5(b). A "high frequency litigator" includes a "plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation."

All of these requirements[3] apply to claims alleging a construction-related accessibility violation, defined as involving "a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to persons with disabilities," including those related to the ADA. Cal. Civ. Code § 55.52(a)(1), (6); *see* Cal. Civ. Code § 55.3(a)(2).  By enacting such restrictions, California has expressed a "desire to limit the financial burdens California's businesses may face from claims for statutory damages under the Unruh Act." *Arroyo*, 19 F.4th at 1209 (internal quotations omitted).  However, "Unruh Act plaintiffs have evaded these limits by filing in a federal forum in which [they] can claim these state law damages in a manner inconsistent with the state law's requirements." *Arroyo*, 19 F.4th at 1213 (internal quotation marks omitted).  Consequently, "the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded." *Id.*

Recently, the Ninth Circuit provided substantial guidance on this issue in *Vo v. Choi* in affirming a district court's order denying supplemental jurisdiction over an Unruh Act claim under § 1367(c)(4). *Vo*, 49 F.4th at 1168.  In that case, the district court declined supplemental jurisdiction over the Unruh Act claim after giving the plaintiff the opportunity to respond and before addressing the merits of the case. *Id.* at 1168-69.  In reviewing the district court's decision, the Ninth Circuit held that the district court sufficiently explained why the circumstances of the case were exceptional under § 1367(c)(4), agreeing with the district court that "it would not be 'fair' to defendants and 'an affront to the comity between federal and state courts' to allow plaintiffs to evade California's procedural requirements by bringing their claims in federal court." *Id.* at 1171.  *Vo* also affirmed the district court's finding that the balance of the *Gibbs* values—economy, convenience, fairness, and comity—provided compelling reasons to decline supplemental jurisdiction, stating that "the district court [properly] analyzed Vo's situation under the *Gibbs* values and determined that the values of fairness and comity favored not retaining jurisdiction over the claim." *Id.* at 1172.  Accordingly, "[g]iven these very real concerns, in addition to the deferential standard of review, [the Ninth Circuit saw] no reason to hold that the district court abused its discretion in determining there were compelling reasons to decline jurisdiction over the Unruh Act claim." *Id.*

---

[3] Cal. Civ. Code § 55.31(a); Cal. Civ. Code § 425.50(a), Cal. Gov't Code § 70616.5(a).

### III.     ANALYSIS

The Court begins with the first part of the two-step inquiry under § 1367(c)(4)—whether the circumstances here are exceptional. *Vo*, 49 F.4th at 1171.

As discussed above, California has enacted various requirements that apply to claims alleging a construction-related accessibility violation. If the Court were to exercise jurisdiction over Plaintiff's Unruh Act and Health & Safety Code claims, Plaintiff would be permitted to avoid these requirements. *See Arroyo*, 19 F.4th at 1213 (noting that potential evasion of California's requirements met exceptional-circumstances prong of § 1367(c)(4)). Further, such evasion would undermine California's policy interests in enforcing its requirements—providing monetary relief but limiting burdens on small businesses and disincentivizing plaintiffs' attorneys from obtaining "monetary settlements at the expense of forward-looking relief that might benefit the general public." *Id.* Plaintiff offers no argument for why such circumstances should not be deemed exceptional, and there is "little doubt that the first prong [under § 1367(c)(4)] is satisfied here." *Vo*, 49 F.4th at 1171. *See also Garcia v. Maciel*, No. 21-CV-03743-JCS, 2022 WL 395316, at *2 (N.D. Cal. Feb. 9, 2022) (collecting cases).

Turning to the second part of the inquiry—whether there are other compelling reasons for declining jurisdiction—the Court considers the *Gibbs* values of economy, convenience, fairness, and comity. *Vo*, 49 F.4th at 1171. Importantly, this case is an early stage of the litigation. While Plaintiff has obtained a clerk's entry of default against the Defendants, Plaintiff's motion for default judgment is being denied as premature (as discussed above), and thus, the merits of Plaintiff's claims have not yet been addressed. *See Arroyo*, 19 F.4th at 1214 (noting that the *Gibbs*' values did not support declining supplemental jurisdiction where the case was at a "very late stage"). This is not a case "where it makes no sense to decline jurisdiction . . . over a pendent state law claim that that court has effectively already decided." *Id.* Notably, Plaintiff makes no argument that the stage of this case warrants exercising jurisdiction.

Moreover, in light of the above discussion of California's requirements for Unruh Act and Health & Safety Code claims, it would not be fair, nor would comity be served, by allowing these claims to proceed without the state court being able to enforce its policy interests as reflected in its

various procedural requirements. *Id.* at 1213 (noting "comity-based concerns that California's policy objectives in this area were being wholly thwarted" by plaintiffs being able to bring Unruh Act claims in federal court). On this issue, Plaintiff concedes in his response to the show cause order that he would be considered a high-frequency litigant and would otherwise have to meet certain California requirements, such as paying the $1,000 filing fee in state court.[4] (Doc. No. 20 at 2 – "Plaintiff acknowledges that he would be considered a high-frequency litigant under California law as he filed more than ten construction-related accessibility claims in the twelve months preceding the filing of the instant action.").

However, Plaintiff raises two arguments for why the Court should exercise jurisdiction. First, Plaintiff states that his complaint meets the heightened pleading requirements of § 425.50. (*See* Doc. No. 20 at 2.) But, at this stage, the Court only need to determine whether California's requirements are implicated, not whether they are in fact met. As *Vo* noted, whether a Plaintiff "has satisfied the heightened pleading requirements" imposed in California is a question for the state court because "[f]orcing the district court to determine if [this is] in fact true would itself run afoul of the *Gibbs* values—especially comity," and would deprive California of playing its "critical role in effectuating the policies underlying [its] reforms." *Vo*, 49 F.4th at 1173-74 (internal citation omitted).

Second, Plaintiff argues that requiring him to bring a second action in state court "would be duplicative and would only increase the ultimate burden on the subject business, as Plaintiff would be entitled to seek recovery of the additional attorney's fees and costs spent bringing the second action." (Doc. No. 20 at 3.) As an initial matter, this argument improperly assumes that Plaintiff will be successful in this action. However, even accepting such an assumption, the fact that the litigation could prove duplicative or increase costs does not, in light of the other considerations, warrant retaining jurisdiction. As one court has concluded, "if plaintiff legitimately seeks to litigate this action in a single forum, plaintiff may dismiss this action and refile it in a state court in accordance with the requirements California has imposed on such actions." *Garibay v. Rodriguez*,

---

[4] While the Court acknowledges Plaintiff's concession, it need not determine whether he is in fact a high-frequency litigant. *Vo*, 49 F.4th at 1174 (noting that court was not required to determine whether the plaintiff was in fact a high-frequency litigant).

7

No. CV 18-9187 PA (AFMX), 2019 WL 5204294, at *6 (C.D. Cal. Aug. 27, 2019).  Moreover, it is California's prerogative to impose a heightened filing fee for high-frequency litigants in an effort to curb abuses of the Unruh Act and the California Health & Safety Code at the risk of the fee being ultimately paid by defendants.  It would undermine comity and fairness were Plaintiff permitted to proceed with these claims in light of California's policy concerns.

Accordingly, considering the two-step inquiry under § 1367(c)(4), the undersigned concludes that this case presents "exceptional circumstances" such that "there are other compelling reasons for declining [supplemental] jurisdiction" over Plaintiff's Unruh Act and Health & Safety Code claims.[5]

## IV.   ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendation (Doc. No. 18) issued by the magistrate judge on February 28, 2023, are ADOPTED IN FULL;
2. Plaintiff's motion for entry of default judgment against Defendants (Doc. No. 15) is DENIED without prejudice to renewal at the appropriate time;
3. Pursuant to 28 U.S.C. § 1367(c)(4) and *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022), the Court DECLINES to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and Plaintiff's Cal. Health & Safety Code § 19955 and § 19959 claims;
4. Plaintiff's Unruh Act and Cal. Health & Safety Code § 19955 and § 19959 claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(4); and
5. This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 23, 2023                              _____
                                                                    SENIOR DISTRICT JUDGE

---

[5] Plaintiff's California Health & Safety Code claims are subject to the same heightened pleading and filing requirements as his Unruh Act claim.  *See Gilbert v. Singh*, No. 1:21cv1338 AWI HBK, 2023 WL 2239335, *2 (E.D. Cal. Feb. 27, 2023).  Therefore, the same considerations that counsel against maintaining supplemental jurisdiction over Plaintiff's Unruh Act claims apply equally to Plaintiffs Health & Safety Code claims.  *See id.*