UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KARNAIL SINGH KHINDA, et al.,<br><br>　　　　Defendants. | No. 1:22-cv-00184-DAD-CKD<br><br>ORDER TO SHOW CAUSE |

　　　　Plaintiff Darren Gilbert initiated this action on February 11, 2022, alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. ("ADA"), California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq., and violations of California Health and Safety Code § 19955(a) against Defendants Karnail Singh Khinda, Trustee of the Karnail and Narinder Khinda-Kaur Family Trust ("Defendant Khinda"), and Narinder Kaur DBA Super Liquor and as Trustee of the Karnail and Narinder Khinda-Kaur Family Trust ("Defendant Kaur") (collectively "Defendants"). (ECF No. 1.) Plaintiff alleges Defendants' Property, Super Liquor, located at 1600 Tully Road, Modesto, CA 95359 ("the Property") is inaccessible due to unavailable designated accessible parking in the Property's parking lot. *Id*. at 1-3.

///

///

///

1

On March 23, 2023, District Judge Anthony Ishii declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and Plaintiff's Cal. Health & Safety Code § 19955 and § 19959 claims and dismissed these claims without prejudice. (ECF No. 21.) Plaintiff accordingly proceeds on his ADA claim only.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477). A case must present a live controversy to resist dismissal for mootness. *Maldonado v. Lynch*, 786 F.3d 1155, 1160 (9th Cir. 2015).

On May 24, 2022, Defendant Khinda, appearing in pro se, filed an untitled document that has been docketed as an "Answer" that included an invoice from "Womack Striping, Inc." for what appears to be work done on the Property; "pictures of the store interior and exterior", and search results of Plaintiff in govinfo.gov which Defendant Khinda describes as a "search document of Darren Gilbert he did same for 5 to 6 other business in Modesto." (ECF No. 9.) It is unclear to the Court whether at this stage of the proceedings there continues to be a live controversy based on Defendant's position that appears to indicate the alleged accessibility parking violation has been remedied.

"Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). "[A] defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). This is because when a defendant voluntarily remedies the alleged violation, the plaintiff receives the only relief to which he or she would have been entitled to recover. *Id*. Moreover, if an ADA claim is mooted and dismissed, the plaintiff is not entitled to recover attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources*, 532 U.S. 598 (2001)

(affirming denial of attorney's fees where ADA claim rendered moot prior to trial); *see also Molski v. Foster Freeze Paso Robles*, 267 Fed. Appx. 631, 632 (9th Cir. 2008) (citing *Buckhannon*, 532 U.S. at 605) (affirming district court's order dismissing ADA claims as moot, dismissing supplemental state claims, and denying attorney's fees).

**In light of the foregoing, Plaintiff is ORDERED to file a status report within 14 days from the date of this order.** In the status report, Plaintiff shall state his position regarding the remedial measures Defendant appears to have implemented on the Property in its "Answer" (*see* ECF No. 9) and whether the alleged barriers stated in the Complaint are remedied and whether they continue to exist. Plaintiff shall also address why this action should not dismissed as moot.

IT IS SO ORDERED.

Dated: July 1, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, gilb0184.22