UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>Plaintiff,<br><br>v.<br><br>KARNAIL SINGH KHINDA, et al.,<br><br>Defendants. | No.  1:22-cv-00184-DAD-CKD<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

This matter is before the Court on Plaintiff Darren Gilbert's motion for default judgment. (ECF No. 38.) This motion was referred to the undersigned pursuant to Local Rule 302(c)(19). On July 15, 2024, in response to the Court's July 2, 2024, Order to Show Cause, Plaintiff's counsel informed the Court that Plaintiff passed away two weeks ago. (ECF No. 43.) Good cause appearing, the Court hereby discharges its July 2, 2024, Order to Show Cause. For the reasons set forth below, the Court recommends denying Plaintiff's motion for default judgment as moot and recommends dismissing this action without prejudice based on a lack of subject matter jurisdiction.

**I.      BACKGROUND**

Plaintiff initiated this action on February 11, 2022, alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. ("ADA"), California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq., and violations of California Health and Safety Code

1

1  § 19955(a) against Defendants Karnail Singh Khinda, Trustee of the Karnail and Narinder
2  Khinda-Kaur Family Trust ("Defendant Khinda"), and Narinder Kaur DBA Super Liquor and as
3  Trustee of the Karnail and Narinder Khinda-Kaur Family Trust ("Defendant Kaur") (collectively
4  "Defendants"). (ECF No. 1.) Plaintiff alleges Defendants' Property, Super Liquor, located at 1600
5  Tully Road, Modesto, CA 95359 ("the Property") is inaccessible due to unavailable designated
6  accessible parking in the Property's parking lot. *Id*. at 1-3.

7  On March 24, 2023, District Judge Anthony Ishii declined to exercise supplemental
8  jurisdiction over Plaintiff's Unruh Act claim and Plaintiff's Cal. Health & Safety Code § 19955
9  and § 19959 claims and dismissed these claims without prejudice. (ECF No. 21.) Accordingly,
10 the only claim Plaintiff proceeds on is his ADA claim.

11 On July 2, 2024, the Court ordered Plaintiff to show cause as to whether Defendant
12 Khinda's May 24, 2022, filing (ECF No. 9), indicating remedial measures were undertaken and
13 completed on the Property's parking lot, had rendered this action moot. (ECF No. 42.) On July
14 15, 2024, Plaintiff's counsel submitted a declaration stating that Plaintiff had "passed away
15 approximately two weeks ago" and was informed that Plaintiff's wife "also recently passed away,
16 and no representative has yet been appointed on behalf of [Plaintiff's] estate" and that Plaintiff's
17 counsel had "not been retained to represent [Plaintiff's] estate." ECF No. 43 at 1. Plaintiff's
18 counsel also conceded that "because the only relief available under the Americans with
19 Disabilities Act is injunctive relief, [Plaintiff's] claims are mooted by his death." *Id*. at 2.

20 **II.    DISCUSSION**

21 The only remedy available to a private litigant under Title III of the ADA is injunctive
22 relief. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir.2002) ("Damages are not recoverable
23 under Title III of the ADA-only injunctive relief is available for violations of Title III."); *Fisher
24 v. SJB–P.D. Inc*., 214 F.3d 1115, 1120 (9th Cir.2000) ("Monetary relief is not an option for
25 private individuals under Title III of the ADA."). Claims for injunctive relief require that there
26 exist a real or immediate threat of irreparable harm. *Hangarter v. Provident Life and Accident Ins.
27 Co*., 373 F.3d 998, 1021–1022 (9th Cir.2004); *see also Kalani v. Starbucks Coffee Co*., 698 F.
28 App'x 883, 885 (9th Cir. 2017) (Plaintiff's death rendered his ADA claim moot "as there is

necessarily no prospect of future injury.") As conceded by Plaintiff, Plaintiff's death renders his ADA claim for injunctive relief moot. Moreover, if an ADA claim is mooted and dismissed, the plaintiff is not entitled to recover attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources*, 532 U.S. 598 (2001) (affirming denial of attorney's fees where ADA claim rendered moot prior to trial); *see also Molski v. Foster Freeze Paso Robles*, 267 Fed. Appx. 631, 632 (9th Cir. 2008) (citing *Buckhannon*, 532 U.S. at 605) (affirming district court's order dismissing ADA claims as moot, dismissing supplemental state claims, and denying attorney's fees).

"Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider sua sponte" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Having found that Plaintiff's ADA claim at issue is moot and should be dismissed, no federal claims remain over which this Court has subject matter jurisdiction. Accordingly, the Court finds that Plaintiff's federal claim under the ADA is moot, and this action must be dismissed for lack of subject matter jurisdiction.

### III.  CONCLUSION

IT IS HEREBY ORDERED that the Court's July 2, 2024, Order to Show Cause is DISCHARGED.

IT IS FURTHER HEREBY RECOMMENDED that:

1. Plaintiff's Motion for Default Judgment (ECF No. 38) be DENIED as moot;
2. This action be DISMISSED without prejudice for lack of subject matter jurisdiction; and
3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 17, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, gilb0184.22